IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSA PEREZ, et al., : | Case No. 4:07-CV-02291 |
| : | |
| Plaintiffs, : | |
| : | |
| v.  : | (Judge McClure) |
| : | |
| BOROUGH OF BERWICK, et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

December 10, 2009

**I. PROCEDURAL BACKGROUND:**

The plaintiffs in this action are Rosa Perez and Elvis Perez as individuals and Rosa Perez on behalf of her two minor children, William and Larry Perez. On December 19, 2007, the plaintiffs filed a complaint against the Berwick Police Department, the Borough of Berwick, Berwick Borough police officer Heather Rood, ten unknown agents of the Bureau of Immigration and Customs Enforcement ("ICE"), and five unknown agents of the Berwick Police Department. (Rec. Doc. No. 1). On February 12, 2008, the Berwick Police Department, the Borough of Berwick, and Heather Rood filed an answer to the complaint. (Rec. Doc. No. 12).

On September 2, 2008, the plaintiffs filed an amended complaint, in which

they named as additional defendants ICE special agents Patrick Cawley, Kimberly Mullings, and David Christino ("ICE Defendants"). (Rec. Doc. No. 13). In their amended complaint, the plaintiffs also added as defendants Columbia County and Berwick Borough police officers Troy Maneval, Roger Bodwalk, Steve Levan, Greg Martin, and Christopher Wilson. Id. at 3-4. Also added as defendants were John Does 1 and 2, who were believed to be ICE agents, and Columbia County parole officer Tiffany Panetta. The Berwick Police Department was terminated as a party on September 3, 2008. In addition, the ten unknown agents of the ICE and the five unknown agents of the Berwick Police Department were terminated by this Court on September 4, 2008, as they were not listed on the amended complaint.

On January 19, 2009, the plaintiffs filed a motion for extension of time to effect service on defendants Cawley, Mullings, and Christino. (Rec. Doc. No. 36). This Court granted the plaintiffs' motion to extend time by an order dated January 20, 2009, which extended the deadline to effect service to April 30, 2009. On March 22, 2009, the plaintiffs filed three affidavits of service of the summons and amended complaint with respect to Cawley (Rec. Doc. No. 38), Mullings (Rec. Doc. No. 39), and Christino (Rec. Doc. No. 40). In each affidavit, a James B. Stewart attests that he effected service of the summons and amended complaint by personally delivering a copy to each of the three ICE Defendants.

On November 10, 2008, Maneval, Bodwalk, Martin, Wilson, Levan, Rood, and the Borough of Berwick filed an answer to the plaintiffs' amended complaint. (Rec. Doc. No. 28). Also on November 10, 2008, Columbia County and Panetta filed a motion to dismiss the plaintiffs' amended complaint. (Rec. Doc. No. 26). After the motion was fully briefed, on April 28, 2009, this Court denied the motion to dismiss of both Columbia County and Panetta. (Rec. Doc. No. 41). We also granted the plaintiffs leave to amend their complaint regarding their Monell claim against Columbia County.[1] Id.

On May 12, 2009, the plaintiffs filed a second amended complaint against all defendants. (Rec. Doc. No. 48). Defendants Columbia County and Panetta filed an answer and affirmative defenses to the second amended complaint on May 28, 2009. (Rec. Doc. No. 50). On June 4, 2009, defendants Maneval, Bodwalk, Martin, Wilson, Levan, the Borough of Berwick, and Rood filed an answer to the plaintiffs' second amended complaint. (Rec. Doc. No. 52).

On September 11, 2009, the ICE Defendants filed a Motion to Dismiss Second Amended Complaint or Alternatively Motion for Summary Judgment.

---

[1] In Monell v. Dep't of Soc. Servs., 436 U.S. 658, 695 (1978), the United States Supreme Court held that a local government will be responsible under § 1983 "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."

(Rec. Doc. No. 59). With this motion, defendants Mullings, Christino, and Cawley also filed the requisite statement of facts and brief in support. (Rec. Doc. Nos. 60 and 61). On October 8, 2009, the plaintiffs filed their own statement of facts (Rec. Doc. No. 65) as well as their brief in opposition to the ICE Defendants' Motion to Dismiss Second Amended Complaint or Alternatively Motion for Summary Judgment. (Rec. Doc. No. 66). The ICE Defendants filed a reply brief on October 19, 2009. (Rec. Doc. No. 67).

The ICE Defendants' Motion to Dismiss Second Amended Complaint or Alternatively Motion for Summary Judgment is now ripe for disposition.

Now, for the following reasons, we will deny the ICE Defendants' Motion to Dismiss Second Amended Complaint or Alternatively Motion for Summary Judgment.

## II. STANDARDS OF REVIEW:

### A. Motion to Dismiss Standard

The ICE Defendants have filed a motion that seeks, in part, the dismissal of the counts against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed if it fails to state a claim upon which relief can be granted. However, "[i]f, on a motion under Rule

12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." See Fed. R. Civ. P. 12(d).

The ICE Defendants have presented no matters outside the pleadings that have not been excluded by this Court, and the plaintiffs have had a reasonable opportunity to offer all material pertinent to the motion. See id. As such, we will consider the ICE Defendants' Motion to Dismiss Second Amended Complaint or Alternatively Motion for Summary Judgment as a motion only for summary judgment.

### B. Motion for Summary Judgment Standard

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. See Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show "'that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an

6

issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## III. STATEMENT OF MATERIAL FACTS:

Taken in the light most favorable to the non-moving party, here the plaintiffs, the facts are as follows. Defendants Cawley, Mullings, and Christino are special agents of the ICE. As such, they are federal employees. The ICE Defendants claim that their principal place of business is located at 220 Chestnut Street, Room 200, in Philadelphia, Pennsylvania. The plaintiffs dispute this claim; however, as the plaintiffs have failed to cite to the record, we must accept the ICE Defendants' claim concerning their principal place of business as true for the purposes of summary judgment.

The ICE Defendants also claim that, although they have been named in the instant lawsuit, the plaintiffs have failed to serve the ICE Defendants with the complaint or any amended complaints. In addition, the ICE Defendants claim to have no agents authorized to accept service for them. The plaintiffs state that they

7

attempted to serve waiver of service requests on the ICE Defendants at multiple addresses, to no avail. Finally, on December 18, 2008, waiver requests sent to 1600 Callowhill Street, Philadelphia, Pennsylvania, were returned and signed by persons designated "agent."[2] In addition, the plaintiffs state that the ICE Defendants were personally served with all relevant complaints, including, on March 12, 2009, the second amended complaint. Plaintiffs also claim that they properly served the United States pursuant to Fed. R. Civ. P. 4(i)(3).

In March 2007, the Berwick Borough Police Department executed a warrant, with the assistance of the ICE Defendants, for an individual with the name Erik Mayorga. In addition to the local bench warrant, which the ICE Defendants knew of, the ICE Defendants claim that ICE had an administrative warrant for Mayorga as well. Defendants Cawley and Christino participated in the execution of the March 2007 warrant because of Mayorga's illegal status and the suspicion that Mayorga participated in the buying and selling of illegal firearms as a member of a national crime organization. Plaintiffs dispute these facts alleged by the ICE

---

[2] Defendants correctly point out that the plaintiffs' reliance on the ICE Defendants' failure to return the waiver requests is misplaced; as Fed. R. Civ. P. 4(d) makes clear, the waiver service provision does not apply to Fed. R. Civ. P. 4(I), the provision pertaining to serving the United States and its agencies, corporations, officers, or employees. As such, the plaintiffs' claims relating to their attempts to obtain a waiver of service from the ICE Defendants are irrelevant.

Defendants; plaintiffs state that because the defendants failed to produce a warrant, the plaintiffs believe that no warrant in fact existed. Also, though the plaintiffs dispute the fact that the defendants suspected Mayorga of participating in the buying and selling of illegal firearms as a member of a national crime organization, they fail to cite to the record for this proposition and note that this fact "has no role or relevance regarding this case." (Rec. Doc. No. 65 at 3). In their statement of facts, plaintiffs also claim that they asked to "be shown any warrant supporting the raid and no warrant was produced." (Id. at 2).[3]

An outstanding bench warrant for the arrest of Erik Mayorga, signed by Columbia County Court of Common Pleas Judge Thomas A. James, Jr., was issued on March 21, 2007. It is undisputed that the ICE Defendants neither drafted the language contained in the warrant nor applied for the bench warrant.

The ICE Defendants claim that, as they are federal agents, they rely on local law enforcement officials in obtaining warrants. As such, the ICE Defendants

---

[3] The documents of record to which the plaintiffs refer for this proposition make clear that Rosa and Elvis only asked to see a search warrant; the ICE Defendants, in fact, claim that only an arrest warrant was at issue and that this arrest warrant has already been disclosed to the plaintiffs. The other warrant that had been issued at the time, the administrative warrant held by ICE, provided the ICE Defendants with the authority to arrest the individual named Erik Mayorga; however, the ICE Defendants do not claim that the administrative warrant gave them the power to enter the Perez home. The plaintiffs claim that the ICE Defendants have failed to produce any such administrative warrant.

9

claim that they are not familiar with the proper procedure a local law enforcement official is to follow in applying for a warrant to be executed in the nighttime, considered to be between 10:00 p.m. and 6:00 a.m. In their assistance in executing the arrest warrant, the ICE Defendants claim to have relied on local law enforcement officials' expertise. In addition, Agent Cawley informed Agent Mullings that the Berwick Police Department had obtained a warrant for an individual residing at the Perez address and that Agent Cawley was currently investigating the immigration status of at least one individual at the address. The ICE Defendants claim they believed that the local law enforcement officials executed the warrant in a proper fashion at all times.

    The plaintiffs deny that the Berwick Police Department had in its possession a warrant for an individual residing at the Perez address; plaintiffs claim that Mayorga was not at the Perez home on March 21, 2007, and that he in fact never lived there. In addition, plaintiffs claim that Panetta and the probation office for Columbia County possessed the only warrant produced by a defendant up to the present time. The plaintiffs also claim that the defendants at least should have known that Mayorga did not live at the Perez residence, as he had given the probation office for Columbia County a different address before the March 21 raid and certified mail addressed to Mayorga that had been sent to the Perez home

before the raid was returned labeled "ATTEMPTED, NOT KNOWN." Plaintiffs are also of the belief that other residences in the Berwick area were targeted by the defendants on March 21, 2007. While the plaintiffs appear to object to the ICE Defendants' reliance on local law enforcement officials' execution of the warrant, the plaintiffs have failed to ground their objection upon any evidence in the record. As such, we will accept these statements of the ICE Defendants as true for the purposes of the instant motion for summary judgment.

The ICE Defendants claim that, after the local law enforcement officials knocked on the door of 1207 4th Avenue, Berwick, Pennsylvania, on March 21, 2007, and announced their presence, Rosa Perez answered the door. While the plaintiffs admit that someone did in fact pound on their door prior to entry, they deny that the defendants made any announcement. According to Agents Cawley and Christino, each heard Rosa Perez consent verbally to entry into the Perez home. Based on "the statements, motions, and/or gestures of other officers," Agent Mullings believed that Rosa Perez had consented to entry. (Rec. Doc. No. 60 at 5). Plaintiffs contend that they did not give consent, in any form, for the defendants to enter their home. While the ICE Defendants claim that no defendants were wearing ski masks upon entry into the Perez home, the plaintiffs claim that most defendants were in fact wearing black masks, though the plaintiffs claim they are

11

not in a position to know which defendants wore masks and which did not.

The ICE Defendants claim that they did not arrest anyone at the Perez residence; in addition, the ICE Defendants also disclaim handcuffing any residents or seizing or retaining any documents relating to identification. On the other hand, plaintiffs claim that Elvis Perez was handcuffed after asking the defendants for a search warrant and that Elvis's Social Security card and birth certificate were seized by one of the defendants. Agents Mullings and Christino also claim that they did not search the Perez home, and the ICE Defendants claim that they did not damage any property located in the home. The plaintiffs, though, claim that the defendants conducted a "violent search" of their home even after being provided documents that established identification and citizenship. The ICE Defendants also claim that Elvis Perez told Agent Cawley that his identification was in the closet and that Agent Cawley searched Mr. Perez's closet for identification documents with the consent of Mr. Perez. In fact, the ICE Defendants claim that Mr. Perez requested Agent Cawley to conduct the search of his closet. On the other hand, while the plaintiffs admit that Agent Cawley searched Mr. Perez's closet and that Mr. Perez told Agent Cawley that his birth certificate and Social Security card were in his closet, plaintiffs state that Mr. Perez did not give consent for, or request that, Agent Cawley conduct such a search.

## IV. ANALYSIS

Defendants Cawley, Mullings, and Christino move to dismiss the plaintiffs' second amended complaint or, in the alternative, for summary judgment. First, the ICE Defendants argue that the second amended complaint should be dismissed because the plaintiffs have failed to properly serve any of the defendants in the case. First, the ICE Defendants argue that the plaintiffs failed to serve properly the United States Attorney's Office and the United States Attorney General in conformity with Federal Rules of Civil Procedure 4(i)(1) and 4(i)(3). Second, the ICE Defendants allege that they were not properly served pursuant to Fed. R. Civ. P. 4(e). Therefore, the ICE Defendants contend that this Court lacks personal jurisdiction over them and that the counts against them should be dismissed or that the ICE Defendants should be granted summary judgment.

Second, the ICE Defendants argue that they should be granted summary judgment because they are entitled to qualified immunity. In support, the ICE Defendants claim that the conduct they engaged in did not violate a clearly established right "of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). First, the ICE Defendants contend that they received consent to enter the Perez home. Second, the ICE Defendants allege that, even if they did not receive consent to enter the home, they acted reasonably in

13

their reliance on the members of local law enforcement who executed the bench warrant issued by a judge of the Pennsylvania Court of Common Pleas.

### A. Personal Jurisdiction

In order to properly serve, as a defendant, an officer or employee of the United States government who is sued individually, "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). For a party to serve the United States, the "party must deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). In addition, the party must "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . ." Fed. R. Civ. P. 4(i)(1)(B). The officer or employee may be served by personal delivery of the complaint and summons, by leaving a copy of the complaint and summons "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering the complaint and summons "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. (e)(2). In addition, a party may serve the officer or employee in accordance with state law; in the case of

Pennsylvania, then, a party may serve original process on a United States officer or employee by handing the officer or employee a copy or by handing a copy to (1) an adult member of the defendant's family with whom the defendant resides, (2) the clerk or manager of the lodging at which the defendant resides, or (3) the defendant's agent or the person who is, for the time being, in charge of the defendant's usual place of business.  See Pa. R. Civ. P. 402(a)(1) and (2).

The court must dismiss an action without prejudice as to the defendant or order service to be made on the defendant within a particular time if the defendant is not served within 120 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  If good cause is made by the plaintiff for the failure of service to be made within the 120 day period, "the court must extend the time for service for an appropriate period."  Id.  If the party has served an officer or employee of the United States, then the court is required to "allow a party a reasonable time to cure its failure to serve the United States under Rule 4(i)(3) . . . ."  Fed. R. Civ. P. 4(i)(4)(B).

In the instant case, although the plaintiffs did not serve the ICE Defendants within the 120 day time period as required by Fed. R. Civ. P. 4(m), this Court granted an extension of time for service.  (Rec. Doc. No. 37).  The evidence, in the form of three affidavits, supports the plaintiffs' contention that the ICE Defendants were served within the extension period allowed by this Court.  (Rec. Doc. Nos.

15

38-40). The ICE Defendants, on the other hand, claim that they have yet to be served. (Rec. Doc. No. 60 at 2). However, in light of the affidavits, and taking the evidence in the light most favorable to the non-moving plaintiffs, we conclude that the ICE Defendants were properly served pursuant to Fed. R. Civ. P. 4(m) in light of this Court's order extending time for service, dated January 20, 2009.

Similarly, we also conclude that the plaintiffs properly served the United States pursuant to Fed. R. Civ. P. 4(i)(1)(A) & (B) and (4)(B). According to the plaintiffs, they served the amended complaint on the ICE Defendants on March 12, 2009. (Rec. Doc. Nos. 38-40). In addition, the plaintiffs served the United States Attorney's Office and the Attorney General on or about June 8, 2009 and June 11, 2009, respectively. Service on the United States Attorney's Office and the Attorney General was not made prior to the court-imposed April 30, 2009 deadline. However, we conclude that service was made within a reasonable time and, pursuant to Fed. R. Civ. P. 4(i)(4)(B), we will consider the United States to have been properly served in this instance.

In light of the above, we conclude that this Court does have personal jurisdiction over the instant matter. As such, we will deny the ICE Defendants' motion for summary judgment as to personal jurisdiction.

### B. Qualified Immunity

16

An official will be entitled to qualified immunity if the official did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Saucier v. Katz has mandated a two-step analysis concerning qualified immunity. First, a court must decide whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001) Second, a court must decide whether that right was clearly established. Id. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202.

Earlier this year, the Supreme Court held that Saucier's "rigid order of battle" is not a mandatory requirement. Pearson v. Callahan, 129 S.Ct. 808 (2009). Lower courts can use their discretion to decide which of the two prongs to consider first. Id. at 818.

In this Court's April 28, 2009 Memorandum and Order, in which we denied Panetta the defense of qualified immunity, we noted that one's right to be secure against unreasonable searches and seizures in his or her home is a clearly established right. (Rec. Doc. No. 41 at 13 (citing Payton v. New York, 445 U.S. 573 (1980)). We also noted that the unauthorized nighttime search of a home is

17

constitutionally invalid. See id. at 19 (citing United States ex. rel. Boyance v. Myers, 398 F.2d 896 (3d Cir. 1968)). Additionally, we found that, under the circumstances, "the officers' unauthorized nighttime home entry violated the Fourth Amendment and it was then clearly established that unauthorized nighttime home searches are constitutionally invalid." Id. at 20.

The plaintiffs have pointed to a number of facts supporting the conclusion that a reasonable official in the position of the ICE Defendants would have known that he or she was in fact violating the plaintiffs' constitutional rights by participating in the raid at issue. (Rec. Doc. No. 65 at 6). For example, the plaintiffs have come forward with evidence that Mayorga reported an address to the probation office of Columbia County that was different from that of the Perez home. Id. Second, certified mail addressed to Mayorga with the plaintiffs' address was returned "ATTEMPTED, NOT KNOWN" prior to the raid. Id. These facts are made all the more relevant in light of the then-ongoing investigation by ICE of Mayorga and his immigration status. (Rec. Doc. No. 60 at 4-5). Third, the plaintiffs dispute the contention of the ICE Defendants that consent was given for entry into the home. Id. at 7.

In light of the above, we cannot conclude that summary judgment should be entered in favor of the ICE Defendants on the basis of qualified immunity. The

evidence, taken in the light most favorable to the party asserting the injury, shows that the ICE Defendants' conduct violated a constitutional right. In addition, we also conclude that a reasonable official in the position of the ICE Defendants would have understood that his or her conduct violated that right. As such, we will deny the ICE Defendants' motion for summary judgment based on qualified immunity.

## V. CONCLUSION:

We will deny the ICE Defendants' motion for summary judgment, as we conclude that the plaintiffs made proper service upon the ICE Defendants and the United States and that the ICE Defendants are not entitled to qualified immunity.

                                                s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROSA PEREZ, et al., | : | Case No. 4:07-CV-02291 |
|---|---|---|
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |

|  |  |  |
|---|---|---|
| v. | : | (Judge McClure) |
|  | : |  |
| BOROUGH OF BERWICK, <u>et</u> <u>al.</u>, | : |  |
|  | : |  |
| Defendants. | : |  |

**ORDER**

December 10, 2009

For the reasons set forth in the accompanying Memorandum, **IT IS ORDERED THAT:**

1. The ICE Defendants' Motion to Dismiss Second Amended Complaint or Alternatively Motion for Summary Judgment is DENIED. (Rec. Doc. No. 59).

2. The ICE Defendants shall file an answer to the second Amended Complaint on or before January 4, 2010.

                                                s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge