IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROSA PEREZ and ELVIS PEREZ,** as individuals and **ROSA PEREZ o/b/o WILLIAM PEREZ** and **LARRY PEREZ,** minors, | : CIVIL ACTION NO. 1:07-CV-2291 : : : (Judge Conner) : |
| **Plaintiffs** | : : |
| v. | : : |
| **BOROUGH OF BERWICK, COLUMBIA COUNTY, HEATHER ROOD, TROY MANEVAL, ROGER BODWALK, STEVE LEVAN, GREG MARTIN, CHRISTOPHER WILSON, TIFFANY PANETTA, PATRICK CAWLEY, KIMBERLY MULLINGS, DAVID CHRISTINO,** | : : : : : : : : : : |
| **Defendants** | : |

## MEMORANDUM

Presently before the court is an application for relief (Doc. 99) filed by defendant Patrick Cawley ("Cawley"), and a motion (Doc. 101) to dismiss Cawley from the case filed by plaintiffs Rosa and Elvis Perez (jointly "Perez"). Cawley seeks relief under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 *et seq.*, which requires the court to stay a civil action over the course of a service member's active duty if he is unable to participate in the proceedings as a result of his service. Perez seeks to dismiss Cawley from the case pursuant to Federal Rules of Civil Procedure 41(a)(2), in an effort to avoid further delays in the proceedings that would result from a stay. The application and motion have been fully briefed and

are ripe for disposition.[1]  For the following reasons, the motion to dismiss will be granted, and the application for relief will be denied as moot.

I.      **Factual Background and Procedural History**

The instant case is a civil rights suit brought by Perez pursuant to 42 U.S.C. § 1981 and 1983.  (Doc. 48).  The case revolves around a government enforcement action occuring in the Perez home on March 21, 2007.  (Doc. 105, at 7).  In the second amended complaint, the Perezes allege that law enforcement raided their home at 4:00 a.m. on the day in question.  (Doc. 48 ¶ 24).  The Perezes claim that they did not give permission for the officers to enter their home, yet officers "pushed [Mrs. Perez] aside, and swarmed" in.  (Doc. 48 ¶ 27).  Defendant Cawley was present and witnessed the initial entry into the home.  (Doc. 105, at 31-34).  Defendant Cawley was also the agent who first located Mr. Perez's birth certificate and social security card, (Doc. 105, at 35-39), which Perez alleges were confiscated and never returned, (Doc. 48 ¶ 37).

The defendants can be arranged into three groups: the Borough of Berwick, Heather Rood, Troy Maneval, Roger Bodwalk, Steve Levan, Greg Martin, and Christian Wilson (the "Berwick defendants"); Columbia County and Tiffany Panetta (the "Columbia defendants"); and Patrick Cawley, Kimberly Mullings, and

---

[1] Defendants Borough of Berwick, Heather Rood, Troy Maneval, Roger Bodwalk, Steve Levan, Greg Martin, and Christian Wilson concur in the application for relief (Doc. 106) and oppose the motion to dismiss Cawley (Doc. 105). Defendants Columbia County and Tiffany Panetta oppose the motion to dismiss Cawley.  (Doc. 107).

David Christino, (the "ICE defendants"). Defendant Cawley has been involuntarily mobilized in support of the military efforts in Iraq and does not expect to return until approximately February 15, 2012. (Doc. 100, Ex. A). On January 24, 2011, Cawley moved for relief to stay the proceedings pending his return. (Doc. 99). That same day, Perez moved to dismiss Cawley from the present action in an effort to avoid the year long interruption. (Doc. 101). The Berwick and Columbia defendants oppose the motion to dismiss, claiming that Cawley is a "key witness" for the defense because of his central role in the events of March 21, 2007, and that the matter should be stayed until his return. (Doc. 105).

## II. Legal Standard

The Servicemembers Civil Relief Act applies to any party to a civil proceeding who is in active military service and has received notice of the proceeding.[2] Before final judgement, the servicemember may move for relief to stay the proceedings. 50 App. U.S.C. § 522(b). The court must grant such a motion if: (1) the servicemember demonstrates his inability to participate in the proceedings as a result of the military service; (2) the servicemember provides a specific date when

---

[2] 50 App. U.S.C. § 522(a) reads in pertinent part:

(a) Applicability of section. This section applies to any civil action or proceeding . . . in which the plaintiff or defendant at the time of filing an application under this section --
    (1) is in military service or is within 90 days after termination of or release from military service; and
    (2) has received notice of the action or proceeding.

he will be available to appear, and (3) the servicemember's commanding officer provides a letter stating that leave is not authorized.³

Federal Rules of Civil Procedure 41(a)(2) permits the court to dismiss an action at plaintiff's request unless the defendant has filed a counterclaim.⁴  The court may apply the rule to the dismissal of a plaintiff's entire claim against one of several defendants.  See U.S. v. Linn, 42 U.S. 104, 107 (1843); Young v. Wilkey

---

³ 50 App. U.S.C. § 522(b) reads in pertinent part:

(1) Authority for stay.  At any stage before final judgement in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court . . . shall, upon application by the service member, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

(2) Conditions for a stay.  An application for a stay under paragraph (1) shall include the following:
>    (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>    (B) [a] letter or other communication from the service members commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

⁴ FED. R. CIV. P. 41 states in pertinent part:

(a) Voluntary Dismissal
>    (2) By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by a court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only of the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Carrier Corp., 150 F.2d 764 (3d Cir. 1945). It is within the district court's discretion to grant or deny a Rule 41(a)(2) motion. See Sinclair v. Soniform Inc., 935 F.2d 599, 603 (3d Cir. 1991). In considering whether to grant the motion, the court must make certain that no other party is prejudiced by the dismissal. Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974); Plasterer v. Hahn, 103 F.R.D. 184, 185-186 (M.D. Pa. 1984) (Caldwell, J.); see also, FED. R. CIV. P. 41 (requiring that any counterclaims by a defendant remain pending). A defendant may be dismissed over the objections of a co-defendant, if the co-defendant has not filed a cross-claim and thus does not have an interest in the presence of the defendant. Plasterer, 103 F.R.D. at 186 (stating that the remaining defendant's ability to show the dismissed defendant's liability and to seek contribution or indemnity is unaffected by the dismissal).

**III.   Discussion**

The Berwick and Columbia defendants oppose the motion to dismiss Cawley primarily on the ground that, as the case agent who drafted the plans for the raid of the Perezes' home, he played a central role in the event. However, in reviewing the excerpts of Cawley's deposition (Doc. 105, Ex. 1), it appears Cawley did very little on his own. Cawley testified that the local officers provided most of the information that he included in the plans. (Id. at 48-49). Cawley stated that "as far as making any plans for the morning, it's a joint effort . . . Everybody that was [at the Perez Home] would have had some [participation in making the plan]." (Id. at 49). The only exclusive role that Cawley claims to have had in the organization of the event was his responsibility to type up the plan. (Id.) Cawley was not alone at the door

when Mrs. Perez answered. (Id. at 31-34, 48-49). There are many other parties available to testify to that event. Additionally, Cawley provided a deposition, responses to document requests, and responses to interrogatories before he was deployed—all of which are available to defendants. (Doc. 110, at 8). Moreover, defendants Berwick and Columbia did not file cross-claims against Cawley—instead maintaining his innocense in the transpired events. Finally, the court notes that trial is not imminent. Dispositive motions are not yet due. It is quite possible that Cawley will return before trial and be available to testify. The court therefore concludes that Cawley's absence is not prejudicial to the remaining defendants because there were numerous government officials, both state and federal, involved in the event at the Perez home, who are available to testify at trial.

## IV. Conclusion

Based on the forgoing discussion, the court finds that co-defendants Berwick and Columbia are not prejudiced by the absence of Cawley from this proceeding. The motion to dismiss is therefore granted and the application for relief is denied as moot.

An appropriate order follows.

                                  S/ Christopher C. Conner
                                  CHRISTOPHER C. CONNER
                                  United States District Judge

Dated:      June 14, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSA PEREZ and ELVIS PEREZ,** | : | CIVIL ACTION NO. 1:07-CV-2291 |
| as individuals and **ROSA PEREZ o/b/o** | : | |
| **WILLIAM PEREZ and LARRY** | : | |
| **PEREZ, minors,** | : | (Judge Conner) |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **BOROUGH OF BERWICK,** | : | |
| **COLUMBIA COUNTY, HEATHER** | : | |
| **ROOD, TROY MANEVAL, ROGER** | : | |
| **BODWALK, STEVE LEVAN, GREG** | : | |
| **MARTIN, CHRISTOPHER WILSON,** | : | |
| **TIFFANY PANETTA, PATRICK** | : | |
| **CAWLEY, KIMBERLY MULLINGS,** | : | |
| **DAVID CHRISTINO,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 14th day of June, 2011, upon consideration of the motion (Doc. 101) to dismiss filed by plaintiffs Rosa and Elvis Perez, and upon further consideration of the application (Doc. 99) for relief filed by defendant Patrick Cawley, and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 101) to dismiss defendant Cawley is GRANTED.

2. The application (Doc. 99) for relief is DENIED as MOOT.

      3.     A revised scheduling order will issue by further order of the court.

                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge