THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSA PEREZ and ELVIS PEREZ, as Individuals and ROSA PEREZ o/b/o WILLIAM PEREZ and LARRY PEREZ, minors | : : : : : |
| Plaintiffs | : 4:07-cv-2291 : (JUDGE MARIANI) |
| v. | : : |
| BOROUGH OF BERWICK, et al. | : : |
| Defendants | : |

## MEMORANDUM OPINION

On December 12, 2012, the United States Court of Appeals for the Third Circuit vacated, in part, the December 29, 2011 order and memorandum of this Court in which it granted summary judgment in favor of Defendants. In accordance with the instructions provided by the Court of Appeals, the Court now considers: (1) whether the Borough of Berwick is entitled to summary judgment on Plaintiffs' *Monell* claims, and (2) whether the individually named Defendants are entitled to qualified immunity. For the following reasons, the Court finds that the Borough of Berwick is not entitled to summary judgment on Plaintiffs' *Monell* claims and that issues of fact exist which preclude the Court from granting qualified immunity to the individual Defendants.

## BACKGROUND

This matter has its genesis in the search of Plaintiffs' home in the early morning hours of March 21, 2007, when Defendants sought to execute various summary and misdemeanor

1

warrants. Plaintiffs alleged that the search was improper for various reasons including: (1) the time at which the warrant was executed; (2) the length and scope of the search; (3) the use of masks and weapons; and (4) a failure to knock and announce prior to Defendants' entry. Following an entry of summary judgment in favor of Defendants, the Third Circuit partially vacated the disposition of this Court so that we may more fully consider these factors.

As noted by the Third Circuit, the Court properly applied the time provided by plaintiffs, 4 a.m., as the time at which the search commenced. (See Opinion of the U.S. Court of Appeals for the Third Circuit at 3 n. 2.) The Third Circuit held, however, that this Court must consider additional factors asserted by Plaintiffs and determine whether summary judgment remains appropriate in light of those circumstances.

Plaintiffs assert that Defendants entered their residence in the early morning hours in order to effectuate the service of warrants on summary and misdemeanor offenses, as well as to serve an administrative immigration warrant. Plaintiffs assert that the entry team wore masks and wielded automatic weapons, rifles, and shotguns. (See Pls.' CSMF at ¶ 65, 76, ECF Dkt. 154.) Plaintiffs further assert that the raid lasted at least an hour, and that Defendants exceeded the scope of their search for the named persons in the warrant when they searched the house. (See Pls.' CSMF at ¶ 66, ECF Dkt. 154.)

Defendants, on the other hand, argue that they did not search the house except to conduct a protective sweep and to look for suspects. (See Defs.' SMF at ¶ 66, ECF Dkt. 140.) Defendants additionally maintain that they did not wear masks or use rifles or automatic weapons. (See Defs.' SMF at ¶ 76, ECF Dkt. 140.)

Further, Defendants aver that the Perez residence was a suspected center for gang activity, but Plaintiffs maintain that there were no "known gang members" at Plaintiffs' home. (See Defs.' SMF at ¶ 53, ECF Dkt. 140; Pls.' CSMF at ¶ 53, ECF Dkt. 154.)

## **STANDARD**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

## DISCUSSION

On remand, the Court of Appeals ordered this Court to consider two issues: "to determine whether summary judgment is appropriate as to Berwick's *Monell* liability," see Opinion of the Court of Appeals at 10, and to "analyze the issue of qualified immunity on the Perez family's knock-and-announce, unreasonable search, and excessive force claims." See *id.* at 12.

In its Opinion remanding this matter, the Third Circuit found that "there is a genuine issue of material fact as to whether or not Berwick's entry was unconstitutional, given the time the entry occurred, the length of the search that allegedly ensued, the fact that at least some officers (potentially Berwick's agents) wore masks and drew weapons on the family, and the alleged failure of the officers to knock and announce their presence." See Opinion of the Court of Appeals at 9. We understand the Third Circuit's ruling directing the District Court to review its grant of summary judgment to include a review of all individual Defendants who entered the Perez residence on the morning of the search.[1]

Therefore, in accordance with the instructions of the Court of Appeals, the Court considers the following issues with regard to the question of whether to grant Defendants qualified immunity: (1) the time of the entry; (2) the use of weapons and masks; (3) the duration and scope of the entry; and (4) the alleged failure to comport with the knock and announce rule.

---

[1] Although the District Court's grant of summary judgment in favor of Columbia County Probation and Parole Department (also pleaded as "Columbia County") was affirmed by the Court of Appeals, we understand the Third Circuit's instructions to require that our grant of qualified immunity to individual defendant Tiffany Panetta be subject to the same reconsideration that must be undertaken with regard to both the individual Berwick police officers and individual ICE agents Christino and Mullings. The District Court understands the Third Circuit's use of the word "officers" to include all individual members of the entry team, each of whose conduct is subject to the same level of scrutiny.

4

In accordance with the Third Circuit's summary judgment standard, the Court accepts 4 a.m. as the time of entry offered by Plaintiffs, as well as the 5:30 a.m. time given by Plaintiffs as the approximate end of the entry as true for purposes of qualified immunity and summary judgment analysis. The Court will also accept, as it must, Plaintiffs' averments that Defendants used several guns, including rifles and shotguns, wore masks upon entry of Plaintiffs' home, and did not knock-and-announce their presence before entering the Perez residence. (*See* Pls.' CSMF at ¶¶ 49, 61, and 65, ECF Dkt. 154.)

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 27272, 73 L.Ed.2d 396 (1982)). Qualified immunity serves the dual purpose of holding government officials accountable when their power is exercised unreasonably and protecting those officials from "harassment, distraction, and liability when they perform their duties reasonably." *See id.* "Qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (citing *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2003)(Kennedy, J. dissenting)).

Qualified immunity is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)(emphasis deleted). The qualified immunity

5

doctrine serves to eliminate "insubstantial claims" prior to discovery. *Pearson*, 555 U.S. at 231 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stages in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

In *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Supreme Court articulated a two-step test to determine the appropriate application of qualified immunity. A court must decide: (1) whether the facts alleged by the plaintiff violate a constitutional right; and (2) if so, whether that right was "clearly established" at the time of the alleged violation. *Id.* at 201. Qualified immunity attaches unless the official's conduct violated such a clearly established right. *Anderson*, 483 U.S. at 640. However, the *Saucier* procedure, which erected a rigid framework, no longer mandates that district courts decide the two prongs in any particular order. *Pearson*, 555 U.S. at 236. The decision is left to the discretion of the district court. *Id.*

Accepting the facts alleged by Plaintiffs in this case in the light most favorable to them, it would be improper for the Court to grant summary judgment in favor of Defendants both on substantive grounds and with regard to qualified immunity. This Court previously ruled that the search was unconstitutional because of the time at which it occurred, but granted qualified immunity to the individual Defendants upon the basis that the constitutional rights violated were not "clearly established" at the time of the search. However, the allegations of the use of certain weapons and masks, the allegations as to the scope and duration of the search, and the

6

alleged failure to comply with the knock-and-announce rule, militate against finding qualified immunity and require the Court to vacate its earlier decision granting summary judgment to Defendants. "Although qualified immunity is a question of law determined by the Court, when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury." *Monteiro v. City of Elizabeth*, 436 F.3d 397, 405 (3d Cir. 2006)(citing *Johnson v. Jones*, 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (qualified immunity may turn on disputed issues of fact); *Karnes v. Skrutski*, 62 F.3d 485, 491 (3d Cir.1995) ("While the qualified immunity defense is frequently determined by courts as a matter of law, a jury should decide disputed factual issues relevant to that determination.").

Based on the issues of fact identified by the Court of Appeals, the Court will not extend qualified immunity to Defendants. *See* Opinion of Court of Appeals at 11 ("we conclude that other allegations made by the Perez family – that the officers failed to abide by the knock-and-announce requirement, that the scope and length of their search was unreasonable and that they used excessive force in entering the Perez family home – raise a genuine issue of material facts as to whether the individual officers are entitled to qualified immunity"). We therefore vacate our finding and grant of qualified immunity with respect to the nighttime entry because the determination as to whether Defendants are entitled to such immunity requires an evaluation of all of the conduct in which they engaged as well as the circumstances surrounding that conduct when they searched the Perez residence on March 21, 2007.[2] We

---

[2] The Court acknowledges its ability to grant partial qualified immunity as recognized by the Eleventh Circuit in *Hudson v. J.T. Hall*, 231 F.3d 1289 (11th Cir. 2000), but construes the opinion of the Third Circuit in the present matter to require that we vacate our finding of qualified immunity, in its entirety, based on the totality of the circumstances surrounding the entry into the Perez residence.

7

reach this decision based upon our understanding of the Third Circuit's decision in this case, specifically, that the determination of whether qualified immunity should be granted to the individual Defendants requires this Court "to consider whether, under the factual scenario of this case, the officers were reasonable to believe that their actions did not violate the Perez family's clearly established rights . . . [a]ccordingly, we will vacate and remand so that the District Court may analyze the issue of qualified immunity on the Perez Family's knock-and-announce, unreasonable search, and excessive force claims." (*See* Opinion of the Court of Appeals at 11-12.)

First, Plaintiffs assert that Defendants entered the Perez residence with guns and wearing masks and forced Plaintiffs Rosa Perez, Larry Perez, and William Perez, at gunpoint, to lie on the floor face down with their hands behind their backs. (*See* Pls.' CSMF at ¶ 166, ECF Dkt. 154.) The purpose of the entry was to serve warrants for non-violent, non-felony crimes. As the Third Circuit noted in *Baker v. Monroe Tp.*, 50 F.3d 1186 (3d Cir. 1995), "the use of guns and handcuffs must be justified by the circumstances . . . ." *Id.* In some cases, the Third Circuit has upheld the use of drawn guns by law enforcement for the execution of warrants to search for weapons and drugs. *See, e.g., Pikel v. Garrett*, 55 F. App'x 29 (3d Cir. 2002)(upholding use of weapons to effectuate drug raid in home known to be occupied by narcotics dealers). In the present matter, the nighttime entry was not undertaken to search for drugs or weapons, and reasonableness of the use of weapons and masks to effectuate the pre-dawn entry at Plaintiffs' residence to serve summary and misdemeanor warrants, as well as an administrative immigration warrant, must be determined at trial. Factual disputes as to whether

8

certain types of guns were employed and used to force Plaintiffs on the floor at gunpoint, and as to whether Defendants wore masks during the entry, cannot be determined at the summary judgment stage. Importantly, there is a factual dispute as to whether Defendants had reason to believe that they entered a residence known to harbor possible gang members.

Second, the reasonableness of the entry must be evaluated in light of the length and scope of the search effectuated by Defendants. Defendants entered the Perez residence to serve warrants for non-violent, summary and misdemeanor offenses. The Supreme Court has articulated a standard for evaluating the reasonableness of searches:

> The Fourth Amendment commands that searches and seizures be reasonable. What is reasonable depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself. *New Jersey v. T.L.O.*, 469 U.S. 325, 337-342, 105 S.Ct. 733, 740-743, 83 L.Ed.2d 720 (1985). The permissibility of a particular law enforcement practice is judged by "balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *United States v. Villamonte-Marquez*, 462 U.S. 579, 588, 103 S.Ct. 2573, 2579, 77 L.Ed.2d 22 (1983); *Delaware v. Prouse*, 440 U.S. 648, 654, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979); *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

*United States v. Montoya de Hernandez*, 473 U.S. 531, 537, 105 S. Ct. 3304, 3308, 87 L. Ed. 2d 381 (1985)

In the present matter, there is a factual dispute regarding the scope of the search of Plaintiffs' residence. Plaintiffs maintain that "Defendants searched the entire Perez home" (*see* Pls.' CSMF at ¶ 66, ECF Dkt. 154), but Defendants assert that the search was limited to finding the persons subject to the warrants and effectuating a protective sweep (*see* Defs.' SMF at ¶ 60, ECF Dkt. 151). Thus, the scope of the search is subject to dispute and must be determined

at trial. Further, taking the 4 a.m. time of entry and the 5:30 a.m. time of departure provided by Plaintiffs as true, the Court cannot make a determination as to whether this was reasonable, especially in light of the factual dispute concerning the scope of the search. Such a question must be reserved for trial. These disputes of fact make the granting of qualified immunity improper at this time.

We also consider the alleged violation of the "knock and announce" rule. For the purposes of summary judgment, the Court accepts the allegations of Plaintiffs that: (1) Rosa Perez is not conversant in English (see Pls.' SMF at ¶ 32, ECF Dkt. 120); (2) Rosa Perez was "awakened by [a] pounding on the door," (see Pls.' SMF at ¶ 28, ECF Dkt. 120); (3) Rosa Perez "opened the door 'about halfway' in order to see who was there" (see Pls.' SMF at ¶ 30, ECF Dkt. 120); (4) Tiffany Panetta from Adult Probation informed Rosa Perez, in English, that the officers were on the scene to serve Erik Mayorga with a warrant (see Pls.' SMF at ¶ 35, ECF Dkt. 120); (5) while Tiffany Panetta attempted to explain the reasons for the entry to Rosa Perez, the entry party pushed passed both women and entered the residence (see Pls.' SMF at ¶ 39, ECF Dkt. 120); (6) Rosa Perez was pushed backward as Defendants entered her home (see Pls.' SMF at ¶ 41, ECF Dkt. 120); (7) Rosa Perez did not object (see Pls.' SMF at ¶ 43, ECF Dkt. 120); (8) Rosa Perez did not slam the door (see Pls.' SMF at ¶ 44, ECF Dkt. 120); (9) Defendants did not seek Rosa Perez's consent to enter (see Pls.' SMF at ¶ 45, ECF Dkt. 120); and (10) Rosa Perez did not give her consent for Defendants to enter her home (see Pls.' SMF at ¶ 50, ECF Dkt. 120).

These averments constitute factual disputes which cannot be resolved on summary judgment. These are issues that must be resolved at trial, and the Court will further refrain from granting qualified immunity on them as well.

Finally, with regard to Plaintiffs' *Monell* claims, the Court has already found disputed issues of material fact that have a direct bearing on the underlying issues in this case. More importantly, the Court acknowledges that Plaintiffs and Defendants disagree as to whether the Borough of Berwick had an established policy for: (1) the execution of non-felony warrants at night; (2) the use of weapons and masks during an entry to serve non-felony warrants; (3) the scope and duration of searches pursuant to arrest warrants; and (4) the failure to observe knock and announce regulations. The Third Circuit specifically referenced testimony provided by Berwick's chief of police, in which he admits that warrants can be served at any time, in support of the notion that there exists a dispute of material fact with regard to the existence of policies or practices of the Borough of Berwick on these issues. (*See* Opinion of the Court of Appeals at 8.) Accordingly, Plaintiffs' *Monell* claims must be permitted to be presented at trial and summary judgment cannot be granted in favor of the Borough of Berwick.

## CONCLUSION

For the foregoing reasons, Plaintiffs' *Monell* claims as to the Borough of Berwick and Plaintiffs' claims against individual Defendants Roger Bodwalk, Steven Levan, Troy Maneval, Greg Martin, Heather Rood, Christopher Wilson, Tiffany Panetta, David Christino, and Kimberly Mullings, as well as the availability of qualified immunity for these Defendants, are preserved for trial.

Plaintiffs' Motion for Summary Judgment (Doc. 118) shall be denied.

Defendants Borough of Berwick, Roger Bodwalk, Steven Levan, Troy Maneval, Greg Martin, Heather Rood, and Christopher Wilson's Motion for Summary Judgment (Doc. 142) shall be denied.

Defendants David Christino and Kimberly Mullings's Motion for Summary Judgment (Doc. 139) shall be denied.

Since this Court's grant of summary judgment in favor of Columbia County Probation and Parole Department (also pleaded as "Columbia County") was affirmed by the Third Circuit, Columbia County Probation and Parole Department is dismissed from this case; however, in accordance with the Opinion of the Court of Appeals, Defendant Tiffany Panetta's Motion for Summary Judgment shall be denied (Doc. 124).

DATE: April 23, 2013

Robert D. Mariani
United States District Judge